IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JACKIE McLEOD, # 116274-A, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v | ) Civil Action No. 1:09cv634-ID |
| | ) (WO) |
| GRANTT CULLIVER, *et al.*, | ) |
| | ) |
| Respondents. | ) |

**ORDER ON MOTION**

Petitioner has filed a motion to amend his petition for writ of habeas corpus. (Doc. No. 16) Fed.R.Civ.P. 15(a) instructs that leave of the court to amend pleadings "shall be freely given when justice so requires." Nevertheless, a motion to amend may be denied on "numerous grounds, such as undue delay, undue prejudice to the defendants, and *futility of the amendment.*" *Maynard v. Bd. of Regents of Universities of Fla. Dept. of Educ.*, 342 F.3d 1281, 1287 (11th Cir. 2003) (citations and internal quotation marks omitted; emphasis added).

The court's records indicate that Petitioner has filed a previous habeas petition pursuant to the provisions of 28 U.S.C. § 2254 challenging the same convictions and sentences he challenges in his present petition. *McLeod v. Sutton, et al.*, Civil Action Nos. 1:95cv1181 & 1:95cv1219 (M.D. Ala. Oct. 24, 1996). In that previous habeas action, this court determined Petitioner's petition was due to be denied because he procedurally defaulted on each of his claims for relief and failed to show cause and prejudice or a fundamental miscarriage of justice excusing his procedural default. *See* Civil Action No. 1:95cv1181 -

Doc. Nos. 31 & 33.

It is clear from the instant pleadings filed by Petitioner that he has not received an order from a three-judge panel of the Eleventh Circuit Court of Appeals authorizing this court to consider a successive application for habeas relief. Because this undertaking is a successive habeas corpus petition and because Petitioner has no permission from the Eleventh Circuit to file a successive habeas petition, this court lacks jurisdiction to grant any relief. *See Gilreath v. State Board of Pardons and Paroles*, 273 F.3d 932, 933 (11th Cir. 2001); *Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir. 1997). Thus, Petitioner's attempted amendment is futile as a matter of law. Accordingly, it is

ORDERED that the motion to amend (Doc. No. 16) be and is hereby DENIED.

It is further

ORDERED that the motion for an evidentiary hearing contained in Petitioner's instant pleading (Doc. No. 16) is DENIED.

Done this 25th day of August, 2009.

       /s/Charles S. Coody
       CHARLES S. COODY
       UNITED STATES MAGISTRATE JUDGE