IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JACKIE McLEOD, # 116274-A, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 1:09cv634-ID |
| ) | (WO) |
| GRANTT CULLIVER, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Jackie McLeod ("McLeod"), an Alabama inmate, styles this action as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] In his petition, McLeod challenges convictions for four counts of cocaine distribution, and the resulting life sentences, entered against him in May 1989 by the Circuit Court for Houston County. Upon review of McLeod's petition, it is clear that he is not entitled to relief from this court.

**I.   DISCUSSION**

McLeod claims that the Circuit Court for Houston County lacked jurisdiction to consolidate his four drug charges for trial and to sentence him to four consecutive life sentences under Alabama's Habitual Felony Offender Act. By his petition, McLeod attacks

---

[1]Although McLeod's petition is date-stamped "received" on July 8, 2009, he signed the petition on July 7, 2009. Under the prison mailbox rule, a *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day [McLeod] signed it." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

his state convictions and sentences, and he is in custody pursuant to the judgment of an Alabama court. Therefore, 28 U.S.C. § 2254 applies to his petition despite his designating it as one filed pursuant to 28 U.S.C. § 2241. *Medberry v. Crosby*, 351 F.3d 1049, 1054 (11th Cir. 2003); *Thomas v. Crosby*, 371 F.3d 782, 785 (11th Cir. 2004). "A state prisoner cannot evade the procedural requirements of § 2254 by filing something purporting to be a § 2241 petition." *Thomas*, 371 F.3d at 787. Accordingly, this court must apply the procedural restrictions contained in 28 U.S.C. § 2254 to McLeod's petition.

Pursuant to the provisions of 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." "A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals" and may be granted "only if [the assigned panel of judges] determines that the application makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)(2)]." 28 U.S.C. § 2244(b)(3)(B) and (C).

The court's records indicate McLeod has filed a previous habeas petition pursuant to the provisions of 28 U.S.C. § 2254 challenging the same convictions and sentences he challenges in his present petition. *See McLeod v. Sutton, et al.*, Civil Action Nos. 1:95cv1181 & 1:95cv1219 (M.D. Ala. Oct. 24, 1996). In that previous habeas action, this court determined McLeod's petition was due to be denied because he procedurally defaulted on each of his claims for relief and failed to show cause and prejudice or a fundamental

miscarriage of justice excusing his procedural default. *See* Civil Action No. 1:95cv1181 - Doc. Nos. 31 & 33.

It is clear from the instant pleadings filed by McLeod that he has not received an order from a three-judge panel of the Eleventh Circuit Court of Appeals authorizing this court to consider a successive application for habeas relief. Because this undertaking is a successive habeas corpus petition and because McLeod has no permission from the Eleventh Circuit to file a successive habeas petition, this court lacks jurisdiction to grant the requested relief. *See Gilreath v. State Board of Pardons and Paroles*, 273 F.3d 932, 933 (11th Cir. 2001); Hill v. Hopper, 112 F.3d 1088, 1089 (11th Cir. 1997). Consequently, the instant petition for habeas corpus relief is due to be denied and this case summarily dismissed. *Gilreath*, 273 F.3d at 934.

## II.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the undersigned Magistrate Judge that:

1. The instant petition for habeas corpus relief filed by filed by McLeod be DENIED.

2. This cause of action be DISMISSED in accordance with the provisions of 28 U.S.C. § 2244(b)(3)(A), as McLeod has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing a federal district court to consider his successive habeas application.

It is further

ORDERED that on or before **September 17, 2009,** the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 4th day of September, 2009.

                                            /s/Charles S. Coody
                                            CHARLES S. COODY
                                            UNITED STATES MAGISTRATE JUDGE